| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Marc C Forsythe<br>Goe Forsythe & Hodges LLP<br>18101 Von Karman Ave Ste 1200<br>Irvine, CA 92612<br><br>949-798-2460<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA**

| In re:<br><br>Homestead Escrow, Inc.<br><br><br>Debtor(s). | CASE NO.: 8:19-bk-13159-SC<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 8:21-ap-01007-SC |
|---|---|
| Karen S. Naylor<br><br>Plaintiff(s)<br>Versus<br>Glen Oaks Escrow, Inc.<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **03/04/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    Date:         April 28, 2021
    Time:        01:30 PM
    Hearing Judge:  Scott C Clarkson
    Location:      411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                  Page 1                            **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: February 2, 2021

By: _____"s/" Nickie Bolte_____
Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016     Page 2     **F 7004-1.SUMMONS.ADV.PROC**

Marc C. Forsythe (CA Bar No. 153854)
Ronghua Sophia Wang (CA Bar No. 324494)
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com
swang@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Plaintiff Karen S. Naylor,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>HOMESTEAD ESCROW, INC.,<br><br>　　　　　Debtor.<br><br>―――――――――――――――<br><br>KAREN S. NAYLOR, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Homestead Escrow, Inc.,<br><br>　　　　　Plaintiff,<br>vs.<br><br>GLEN OAKS ESCROW, INC., a California corporation, and Does 1 through 50,<br><br>　　　　　Defendant. | Case No.: 8:19-bk-13159-SC<br><br>Adv. No.: _____<br><br>Chapter 7 Proceeding<br><br>**COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550;**<br><br>**(2) TO AVOID AND RECOVER FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2) AND 3439.05(a); AND**<br><br>**(3) TO PRESERVE TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551**<br><br>Date:  [To be set by summons]<br>Time:  [To be set by summons]<br>Place: Ronald Reagan Federal Building<br>　　　　411 W. 4th Street<br>　　　　Suite 5130 / Courtroom 5C<br>　　　　Santa Ana, CA 92701 |

1

**TO DEFENDANT AND THE DEFENDANT'S ATTORNEY OF RECORD, IF ANY:**

Plaintiff Karen S. Naylor (the "Trustee" or "Plaintiff"), in her capacity as chapter 7 trustee of the bankruptcy estate (the "Estate") of Homestead Escrow, Inc. ("Debtor" or "Homestead Escrow"), files this Complaint against defendant Glen Oaks Escrow, Inc. ("Glen Oaks") and respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division, entitled *In re Homestead Escrow, Inc.,* case number 8:19-bk-13159-SC.

2. The instant adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O). To the extend that any claim for relief contained herein is determined not to be a core proceeding, Trustee consents to the entry of final judgment and orders by the Bankruptcy Court.

3. This adversary proceeding is filed pursuant to Federal Rules of Bankruptcy Procedure 7001. Trustee, as the chapter 7 trustee of the Estate, has standing to bring this action pursuant to 11 U.S.C § 323.

4. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES TO THE ACTION

5. The Trustee brings this action solely in her capacity as the Trustee for the benefit of the Estate and its creditors in the bankruptcy case. To the extent that the Trustee hereby asserts claims under 11 U.S.C. § 544(b), the Trustee is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law prior to

the Petition Date (defined below).

6. The Trustee was appointed upon the filing of the bankruptcy case. As a result, the Trustee does not have personal knowledge of many of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. The Trustee reserves her right to amend this Complaint to allege additional claims against GLEN OAKS and to challenge and recover transfers made to or for the benefit of GLEN OAKS in addition to those transfers alleged in this Complaint.

7. Defendant Glen Oaks is, and at all times relevant herein mentioned was, a corporation duly organized and existing in the State of California.

8. The true names and capacities of the defendants identified herein as Does 1 through 50, inclusive, are unknown to the Trustee at the time of the filing of this Complaint, and they are therefore sued under such fictitious names. When their true names and capacities are ascertained, the Trustee will amend this Complaint by inserting their true names and capacities herein. The Trustee is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the Trustee's damages as herein alleged were proximately caused by those defendants. Glen Oaks and Does 1 through 50 may be referenced collectively as "Defendants."

**GENERAL ALLEGATIONS**

9. The Trustee is informed, believes, and alleges that on August 14, 2019 (the "Petition Date"), Homestead Escrow filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Bankruptcy Code for the Central District of California.

10. The Trustee is informed, believes, and alleges that commencing January 2018, Homestead Escrow experienced a sudden mass departure of its employees. The departing employees took with them over 74% of Homestead Escrow's business.

11. The Trustee is informed, believes, and alleges that the substantial loss of escrow accounts and failure to receive fees already earned substantially contributed to Homestead Escrow's insolvency and caused Homestead Escrow's financial difficulty. After a series of efforts to revive the business failed, Homestead Escrow was compelled to close multiple business offices

3

1 around February 2019.

2     12.     The Trustee is informed, believes, and alleges that during the process of transitioning out of the business, Homestead Escrow and Glen Oaks engaged in negotiations regarding Homestead Escrow transferring a number of its escrow accounts to Glen Oaks.

5     13.     The Trustee is informed, believes, and alleges prior to March 1, 2019, Homestead Escrow proposed to transfer certain escrow accounts to Glen Oaks (the "Transfers") in exchange for 20% of the total escrow fees which Glen Oaks would receive upon the closing of such escrows.

9     14.     The Trustee is informed, believes and alleges that Glen Oaks agreed to such compensation. As a result, Homestead Escrow transferred to Glen Oaks, Glen Oaks accepted and then immediately commenced working on the following ten escrow accounts (the "Transferred Escrows"):

    a.   1921 Malcolm #102, Los Angeles, CA 90025

    b.   2400-2404 Angela St., West Covina, CA 91792

    c.   133 Channel Pointe Mall, Marina Del Rey, CA 90292

    d.   3511 The Paseo, Los Angeles, CA 90065

    e.   504 S. Orange Ave., #B, Monterey Park, CA 91755

    f.   250-252 Bernard Avenue, Venice, CA 90291

    g.   Vacant Land APN #20604132

    h.   1516 S. 8th Street, Alhambra, CA 91803

    i.   1135 Shenandoah St., #101, Los Angeles, CA 90035

    j.   1716 N. Grandee Ave., Compton, CA 90222

23     15.     The Trustee is informed, believes, and alleges that a well-recognized custom in the real estate escrow industry is that if a "in progress" escrow file is transferred before the file escrow fee is earned, the originating escrow company is entitled to share in the total escrow fee. From the opening of an escrow account to its closing, there are different stages of completion. Upon completion of one stage of the work, the corresponding milestone fees for that stage become due and payable to the originating escrow company.

4

1  16.  The Trustee is informed, believes, and alleges that Homestead Escrow had done substantial work on the Transferred Escrows. With the consideration of the different degrees of completion and the milestone work Homestead Escrow had accomplished, the 20% fee proposed by Homestead Escrow and agreed to by Glen Oaks is reasonable estimation of the value of the services performed by Homestead Escrow on the Transferred Escrows prior to being transferred to Glen Oaks. At that time of the transfer the accounting system of Homestead Escrows estimated the amount was approximately $78,000.00. The actual amount turned out to be $83,780.00. Glen Oaks took possession of the Transferred Escrow files and proceeded to work on such files, all to completion.

17.  The Trustee is informed, believes, and alleges that on March 25, 2019, after Glen Oaks had taken possession of the Transferred Escrow files, Glen Oaks informed Homestead Escrow for the first time that it was unilaterally changing the terms by which Homestead Escrow delivered the Transferred Escrow files to Glen Oaks, and then Glen Oaks unilaterally changed the terms of such transfer by claiming that Glen Oaks would only pay 20% of the total escrow fees on the following three escrows in the amount of $3,094.89 and would send a check by April 15, 2019.

| Addresses/Close Date | Total Fee | 20% Fee |
|---|---|---|
| 1921 Malcolm #102, Los Angeles, CA 90025 | $6,612 | $1,322.40 |
| 3511 The Paseo, Los Angeles, CA 90065 | $4,576.75 | $915.35 |
| 504 S. Orange Ave., #B, Monterey Park, CA 91755 | $4,285.70 | $857.14 |
|  | Total: $15,474.45 | Total: $3,094.89 |

18.  Homestead Escrow has never agreed upon the $3,094.89 payment proposed by Glen Oaks, and never received any payment from Glen Oaks.  Trustee asserts that when Glen Oaks took possession of the Transferred Escrow files, they agreed to the 20% on all of the Transferred Escrow files and not just the three (3) referenced in paragraph 17 hereinabove.

19.  The Trustee is also informed, believes, and alleges that in accordance with the industrial custom, Glen Oaks should prorate and pay this portion of escrow fees to Homestead Escrow. Ignoring the industrial customary practice and the value of Homestead Escrow's work

5

into such escrow files prior to being transferred to Glen Oaks, Glen Oaks has taken all the fees yielded from the Transferred Escrows and has not paid the portion of these fees due to Homestead Escrow.

## FIRST CLAIM FOR RELIEF
### (To Avoid and Recover Fraudulent Transfers
### Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

20. The Trustee incorporates each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

21. The Trustee is informed, believes, and alleges that the Transfers occurred during the two-year period immediately preceding the Petition Date.

22. The Trustee is informed, believes, and alleges that the Transferred Escrows were transferred to Glen Oaks.

23. The Trustee is informed, believes, and alleges that Homestead Escrow should be entitled to at least approximately $83,780 (i.e., 20% of the total escrow fees yielded from the Transferred Escrows) for Homestead Escrow's work into the Transferred Escrows prior to being transferred to Glen Oaks.

24. The Trustee is informed, believes, and alleges that Homestead Escrow did not receive reasonably equivalent value in exchange for the Transfers. Glen Oaks has not paid the portion of the fees already earned by Homestead Escrow prior to the transfer of the files to Glen Oaks.

25. The Trustee is informed, believes, and alleges that Homestead Escrow was insolvent at the time of the Transfers and/or rendered insolvent by virtue of the Transfers.

26. The Trustee is informed, believes, and alleges that the Transfers rendered Homestead Escrow in a situation where the remaining assets of Homestead Escrow were unreasonably small in relation to the business or transaction.

27. By reason of the foregoing, the Transfers are avoidable, the Trustee is entitled to judgment setting aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) or the value of the

Transfers, for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers**

**Pursuant to 11 U.S.C. §§ 544(b) and 550, and**

**California Civil Code §§ 3439.04(a)(2) and 3439.05(a))**

28. The Trustee incorporates each and every allegation contained in paragraphs 1 through 27, as though fully set forth herein.

29. The Trustee is informed, believes, and alleges that the Transfers were made within four years preceding the Petition Date.

30. The Trustee is informed, believes, and alleges that the Transferred Escrows were transferred to Glen Oaks.

31. The Trustee is informed, believes, and alleges that Homestead Escrow should be entitled to at least approximately $83,780 (i.e., 20% of the total escrow fees yielded from the Transferred Escrows) for Homestead Escrow's work into the Transferred Escrows prior to being transferred to Glen Oaks.

32. The Trustee is informed, believes, and alleges that Homestead Escrow did not receive reasonably equivalent value in exchange for the Transfers. Glen Oaks has not paid the portion of the fees already earned by Homestead Escrow prior to the transfer of the files to Glen Oaks.

33. The Trustee is informed, believes, and alleges that Homestead Escrow was insolvent at the time of the Transfers and/or rendered insolvent by virtue of the Transfers.

34. The Trustee is informed, believes, and alleges that the Transfers rendered Homestead Escrow in a situation where the remaining assets of Homestead Escrow were unreasonably small in relation to the business or transaction.

35. By reason of the foregoing, the Transfers are avoidable, the Trustee is entitled to judgment setting aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2) and 3439.05(a), for the benefit of the Estate pursuant to 11 U.S.C. § 550.

|   |   |
|---|---|
| 1 | **THIRD CLAIM FOR RELIEF** |
| 2 | **(To Preserve Transfers for the Benefit of the Estate** |
| 3 | **Pursuant to 11 U.S.C. § 551)** |

36. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 35, as though fully set forth herein.

37. Pursuant to 11 U.S.C. §§ 548, 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), (a)(2) and 3439.05(a), the Transfers are avoidable.

38. Pursuant to 11 U.S.C. § 551, if the Transfers are avoided, they are automatically preserved for the benefit of the Estate.

39. By reason of the foregoing, the Plaintiff is entitled to judgment preserving the avoided Transfers for the benefit of the Estate.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against the Defendants as follows:

### On the First Claim for Relief

1. Avoiding the Transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, or any other applicable statues;

2. Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

### On the Second Claim for Relief

3. Avoiding the Transfers pursuant to 11 U.S.C. §§ 544(b) and 550, and Cal. Civ. Code § 3439.04(a)(2) and 3439.05(a), or any other applicable statues,

4. Declaring the Transfers to be annulled and rendered void as fraudulent transfers, and for recovery of the Transfers, or the value thereof, for the benefit of the Estate;

### On the Third Claim for Relief

5. For preservation of the Transfers for the benefit of the Estate;

**On All Claims for Relief**

6. For pre-judgment and post-judgment interest at the maximum legal rate;

7. For Plaintiff's attorneys' fees and costs; and

8. For such other and further relief as the Court deems just and proper.

Respectfully Submitted By:

DATED: February 2, 2021      **GOE FORSYTHE & HODGES LLP**

By:  */s/Marc C. Forsythe*
     Marc C. Forsythe, Esq.
     Ronghua Sophia Wang, Esq.
     Attorneys for Plaintiff Karen S. Naylor,
     Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

### Early meeting of Counsel and Status Conference Instructions

1. **Service of Order.**  A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.**  Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.**  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

   The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.**  Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

   a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

unless the use would be solely for impeachment.

    b.  A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    c.  A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    d.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures. F.R.Civ.P.26(a)(1)(E).

    **5.**  **Alternative Dispute Resolution (AADR@).** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

    **6.**  **Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

7. **Joint Status Report.** A status report must be filed within the time frames specified within LBR 7016-1(a)(2). The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting. If Defendant(s) have not filed and served an answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status conference hearing.

8. **Status Conference/Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

9. **Default.** If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

10. **Sanctions. Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding. The failure of either party to cooperate in the preparation of timely filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

///

11. **Joint Pre-Trial Order**.  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

                          Honorable Scott C. Clarkson
                          United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

18101 Von Karman, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

**COMPLAINT; EARLY MEETING OF COUNSEL AND STATUS CONFERENCE INSTRUCTIONS**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **02/03/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Karen S Naylor (TR)    alane@ringstadlaw.com, knaylor@lQ7technology.com;ecf.alert+Naylor@titlexi.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **02/03/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant**
Glen Oaks Escrow, Inc.
c/o Agent for Service of Process
Matthew Steven Davis, Esq.
1900 Avenue of the Stars, Ste. 960
Los Angeles, CA 90067

**Defendant**
Glen Oaks Escrow, Inc.
Attn: Scott B. Akerley, CEO
6100 San Fernando Road
Glendale, CA 91201

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **02/03/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701
(SUSPENDED DUE TO COVID-19 PROTOCOLS)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/03/2021 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                                                         **F 7004-1.SUMMONS.ADV.PROC**